848 F.2d 194
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David STEELMAN, Plaintiff-Appellant,
v.
Captain John BURNS, R.E. Smiley, James Ferrell and Randy
Brown, Defendants- Appellees.
 No. 87-6259.
 United States Court of Appeals, Sixth Circuit.
 May 4, 1988.
 
 Before LIVELY, KRUPANSKY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This pro se plaintiff appeals an order of the district court which dismissed his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. Defendants have submitted motions for this court to take judicial notice of orders and other documents filed in connection with various other legal proceedings which plaintiff has instituted and to withdraw plaintiff's pauper status. Upon review of the record and the briefs submitted by the parties, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff, a pretrial detainee at the Nashville Criminal Justice Center, filed a complaint pursuant to 42 U.S.C. Sec. 1983 in the district court for the Middle District of Tennessee. In support of his claims for injunctive relief and monetary damages, he alleged that defendants, all of whom were staff members at the Criminal Justice Center, had wrongfully seized his personal copies of law books and various legal documents which he needed to prepare a defense to the charges pending against him. Upon the recommendation of its magistrate, however, the district court concluded that plaintiff's claims were frivolous and ordered the dismissal of the complaint pursuant to 28 U.S.C. Sec. 1915(d). This appeal ensued.
 
 
 3
 A court may properly dismiss a complaint filed in forma pauperis if it can conclude that the plaintiff would still not be entitled to relief upon his proof of any set of facts. Malone v. Colyer, 710 F.2d 259 (6th Cir.1983). Review of the record reveals no violation of that standard in this case. First, in regard to plaintiff's claim that defendants illegally seized various law books from his cell, it is clear that defendants took that action pursuant to an institutional regulation to promote fire safety by limiting the number of books which a prisoner might have in his cell at any one time and that they made efforts to accommodate plaintiff's objections to that practice. As a result, the regulation in question bears a reasonable relationship to a legitimate penalogical interest so as to render the alleged infringement upon plaintiff's constitutional rights insufficient to give rise to a cause of action under 42 U.S.C. Sec. 1983. O'Lone v. Shabazz, --- U.S. ----, 107 S.Ct. 2400 (1987); Turner v. Safley, --- U.S. ----, 107 S.Ct. 2254 (1987).
 
 
 4
 Likewise, plaintiff's allegations that defendants took various legal documents which he needed to prepare a defense to the criminal charges pending against him do not support a claim under 42 U.S.C. Sec. 1983 for denial of access to the courts. In particular, review of the record fails to disclose any allegation by plaintiff that he was ever actually prejudiced in any legal proceeding by the unavailability of the documents in question. More importantly, the record discloses that at all times plaintiff was represented by retained counsel capable of serving his interests. Under such circumstances plaintiff can not maintain a cause of action for denial of access to the courts. Bounds v. Smith, 430 U.S. 817 (1977).
 
 
 5
 For the foregoing reasons the motions to take judicial notice and to withdraw pauper status are hereby denied and the district court's final order entered November 3, 1987, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.